IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DAVID WEBB,<br><br>                Plaintiff,<br><br>vs.<br><br>CLAIMETRICS MANAGEMENT, LLC, et al.,<br><br>                Defendants. | ORDER ADOPTING REPORT AND RECOMMENDATION and MEMORANDUM DECISION<br><br><br>Case No. 2:08-cv-842 CW<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Paul M. Warner |

      In this case, Plaintiff David Webb has filed an action against various Defendants, asserting several state and federal causes of action related to the treatment of an injury to him and the subsequent handling of his worker's compensation claim related to that treatment. This case was assigned to United States District Court Judge Clark Waddoups, who then referred it to United States Magistrate Paul M. Warner under 28 U.S.C. § 636(b)(1)(B).

      Mr. Webb filed this action *in forma pauperis* and has filed a complaint and an amended complaint. After being referred the case, Judge Warner considered the sufficiency of Mr. Webb's amended complaint under the authority of 28 U.S.C. § 1915(e)(2)(B)(ii). Judge Warner also considered several Defendants' motions to dismiss Mr. Webb's original and amended complaints. Finally, Judge Warner considered Mr. Webb's motion for default judgment, his motion to appoint counsel and his motion for service of process.

      On September 9, 2009, Judge Warner issued a thorough and well reasoned Report and Recommendation recommending that the amended complaint be dismissed. In sum, the R & R concluded that the amended complaint fails under 28 U.S.C. § 1915(e)(2)(B)(ii) because it does

not state any claim upon which relief can be granted.  First, the R & R construed the amended complaint as purporting to state a federal claim under 18 U.S.C. § § 2510-2522 and state claims of defamation, intentional infliction of emotional distress, violations of state privacy statutes and medical malpractice.  The R & R reasoned that this court has federal question jurisdiction over Mr. Webb's federal claim and that the court should retain pendant jurisdiction over his state claims.  Considering each claim except the medical malpractice claim, the R & R carefully examined relevant law and determined that Mr. Webb's amended complaint failed to state a claim as a substantive matter.  As for the medical malpractice claim, the R & R reasoned that Mr. Webb's complaint failed to state a claim because Mr. Webb did not comply with Utah statutory pre-litigation requirements for making such a claim.

  The R & R alternatively recommended that the action should be dismissed as a sanction against Mr. Webb.  That is, the R & R found that Mr. Webb had made misrepresentations to the court about his state citizenship in an attempt to establish diversity jurisdiction for purposes of this action.  As evidence of these misstatements, the R & R cited Mr. Webb's March 2009 court pleading in a case in the District of Hawaii in which Mr. Webb, under penalty of perjury, denied being a resident of Hawaii since after February 2006.

  Finally, the R & R recommended denying Mr. Webb's motion for default judgment, his motion to appoint counsel, and his motion for service of process.  Mr. Webb filed a timely objection to the R & R.

  After reviewing the file *de novo*, the court concludes that the R & R is correct in every material respect, with one exception discussed below.  Moreover, none of Mr. Webb's objections have merit.  While the court will not address each argument he made, a few are worth mentioning here.  First, Mr. Webb contends that the court cannot dismiss his complaint until it is served on

Defendants.  That assertion is incorrect.  Rather, a complaint filed *in forma pauperis* that does not state a claim "shall" be dismissed "at any time."  28 U.S.C. § 1915(e)(2)(B)(ii).  As another example, in response to the R & R's finding that Mr. Webb is not being straight-forward with the court concerning the state where he was a citizen when he filed the instant complaint, Mr. Webb refers generally to docket entries in his case in Hawaii and to his previous statement that he is in Utah caring for a family member.  This response does not explain the facial conflict between Mr. Webb's representations to this court and to the court in Hawaii regarding his state citizenship.  Moreover, if Mr. Webb is a citizen of Utah, domiciled in Utah, there would be a lack of diversity, precluding jurisdiction under 28 U.S.C. § 1332.  As a final example, Mr. Webb does not deny that he did not comply with Utah's statutory pre-litigation requirements for a medical malpractice claim.  Instead, he appears to argue that the Utah statute is unconstitutional.  Mr. Webb, however, makes no compelling argument and cites no legal authority as to why that proposition is correct.  Mr. Webb's other arguments in his objection are similarly unavailing.

      Accordingly, the court hereby APPROVES AND ADOPTS Judge Warner's Report and Recommendation, with one exception.  Specifically, the R & R recommends that the moving Defendants' motions to dismiss should be granted.  Because the court has independently determined under the IFP statute that Mr. Webb failed to state a claim on each of his claims, however, the court believes that it would be more appropriate to deny the Defendants' motions as moot.

## CONCLUSION AND ORDER

      For the reasons set forth above, the court ORDERS as follows:

      Mr. Webb's motion for default judgment (Dkt. No. 4) is DENIED.

      Mr. Webb's motion for appointment of counsel (Dkt. No. 30) is DENIED.

The moving Defendants' motions to dismiss (Dkt. Nos. 7, 9, 17, 39, 41 and 53) are DENIED as moot.

Mr. Webb's motion for service of process (Dkt. No. 37) is DENIED.

All claims against all Defendants are DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii).

In the alternative, all claims against all defendants are DISMISSED as a sanction for the misrepresentations Mr. Webb has made to the court.

SO ORDERED this 7th day of December, 2009.

BY THE COURT:

_____
Clark Waddoups
United States District Judge