IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DAVID WEBB,<br><br>                Plaintiff,<br><br>vs.<br><br>CLAIMETRICS MANAGEMENT, LLC, et al.,<br><br>                Defendants. | **MEMORANDUM DECISION and ORDER**<br><br><br>Case No. 2:08-cv-842 CW PMW |

      Now before the court is Plaintiff David Webb's motion for reconsideration of the court's adoption of the Report and Recommendation by Magistrate Judge Paul M. Warner recommending dismissal of this action. In his motion, Mr. Webb challenges the court's legal conclusions and asks the court to reconsider its dismissal with prejudice as a sanction for making a misrepresentation to this court about his state of citizenship.

      As for the legal analysis, the court has already given due consideration to Mr. Webb's arguments and concluded that they are without merit. Mr. Webb has appealed this decision to the Tenth Circuit and that court will decide whether to affirm this court or not.

      Turning to the dismissal as a sanction for a misrepresentation by Mr. Webb, the court believes some additional consideration and explanation is due here. As the court has explained previously, in late 2008, Mr. Webb filed a separate action against other defendants in the District of Hawaii. Certain Defendants in this case submitted to this court pleadings in which Mr. Webb made representations about his citizenship, which are described below.[1] After reviewing the

---

[1] Mr. Webb contends that the court took judicial notice of these pleadings from the Hawaii case under Federal Rule of Evidence 201. This contention is not correct. Rather, certain

pleadings in the Hawaii case and his pleadings here, the R & R concluded that "Plaintiff has attempted to perpetrate a fraud on both this court and the court presiding over the Hawaii Case." (R &R at 25.) The R & R then applied the analysis set out in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) and concluded that dismissal as a sanction was warranted in this case.

The court adopted the R & R's finding and legal conclusion, reasoning that there was an unexplained conflict between Mr. Webb's pleadings here and those in the Hawaii case. While the court did not go into much detail about the factual support for this proposition in its order adopting the R & R, it will do so here. In an affidavit Mr. Webb filed in the Hawaii case on February 27, 2009, he stated that he had alleged in the complaint there that he was a "citizen of Hawaii *based solely* on his State license still being valid in Hawaii." (Dkt. No. 68-2 at 2, emphasis added.)² He went on to explain that he "has not been a resident of Hawaii since leaving on 4 FEB 2006, to care for an elderly parent in Utah." (*Id.*) Mr. Webb again swore to these statements in a memorandum in the Hawaii case that he dated March 6, 2009. (*See* Dkt. No. 68-3 at 2.) The clear purpose of making those statements in that pleading was to convince the Hawaii court that for purposes of diversity he was not a citizen of Hawaii, but rather, a citizen of Utah. (*See id.*)

In the present case, Mr. Webb alleges in his complaint (filed on October 31, 2008) and in his amended complaint (filed on January 23, 2009) that he is a citizen of Hawaii. He later filed an opposition to a Defendant's motion to dismiss his amended complaint that he signed on March 2, 2009. In that opposition, Mr. Webb contended that he "satisf[ied] the diversity

---

Defendants submitted two pleadings Mr. Webb made in the Hawaii case, and Mr. Webb has not challenged the authenticity or veracity of those pleadings. It is because Mr. Webb has not contested that he made these statements that the court considers them here.

² All docket number references are to the docket in this action.

jurisdiction by being a citizen of Hawaii with a valid drivers license via no intent to reside in Utah outside of caring for an elderly parent needing around the clock medical assistance. . ." (Dkt. No. 67 at 2.)

Put together, Mr. Webb's actions were not merely a result of confusion by a *pro se* plaintiff or a misunderstanding of the rules. Rather, it is clear that on March 2, 2009, Mr. Webb made a representation to this court that he knew was false. That is, on that date, he told this court that he was a citizen of Hawaii. It is clear that Mr. Webb knew that this was a false statement because on February 27, 2009 he admitted to the Hawaii court that he was not a resident of Hawaii and acknowledged that having a driver's license in Hawaii alone did not make him a citizen there. He then expressly argued to the Hawaii court on March 6, 2009 that he was not a citizen of Hawaii for diversity jurisdiction purposes and at least implied that he was a citizen of Utah.

In his objection to the R & R, Mr. Webb did not explain to the court the reasons that he had made these contradictory and false assertions about his state of citizenship. Instead, he asked the court to take judicial notice of two documents he had filed in the Hawaii case. Mr. Webb did not attach those documents for the court's review or explain their contents.

Only after the court adopted the R & R did Mr. Webb summarize the contents of the documents from the Hawaii case that he contends are relevant here. According to Mr. Webb, the Hawaii pleadings contain Mr. Webb's assertions that he has been a citizen of South Dakota since leaving Hawaii in February 2006, but that he believed he was required to allege that he was a citizen of Hawaii in the Hawaii case because he had a valid driver's license from Hawaii.

Mr. Webb's problem on this motion is that the Hawaii pleadings, even if the court accepts them as true, do not ameliorate his misrepresentation to this court. That is, the court will assume

that Mr. Webb made an honest mistake in the Hawaii case and that he simply should have said he was a citizen of South Dakota and not Utah. This assumption does not explain why Mr. Webb asserted in this case that he was a citizen of Hawaii when he knew that this was a false proposition. He also does not explain why he did not claim in this action that he was a citizen of South Dakota until after the court adopted the R & R.[3]

In any event, Mr. Webb's contention that he can show a good faith basis to claim that he was a citizen of South Dakota as of October 2008 or January 2009 is heavily undermined by the record. As correctly stated by the R & R, citizenship "is the combination of residence or physical presence in a location and an intent to remain there indefinitely." (R & R. at 24, citing *Crowly v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983). The record clearly suggests that Mr. Webb was physically in Utah when he filed the complaint and amended complaint in this action. For example, the post mark on the envelope containing the amended complaint is from Utah. (Dkt. No. 36 at 19.) Mr. Webb indicated a Utah address on all his court filings, including his complaint and amended complaint. These facts suggest that Mr. Webb was at least present in Utah at the time he filed his complaint, though not necessarily that he had taken residence there.

While Mr. Webb might argue that this would still leave room for him to show residence in South Dakota, the record subverts this proposition. In the one Hawaii case pleading Mr. Webb provided to the court, he quotes himself as stating that "Plaintiff arrived in South Dakota upon leaving Hawaii on 06 FEB 2006, through OCT 2006; All U.S. Mail had initially been forwarded

---

[3] Not to put too fine a point on it, but Mr. Webb has still not formally asserted to this court that he was a citizen of South Dakota when he filed the complaint in this action. Instead, he has directed the court's attention to what he characterizes as his assertions to that effect that he made in the Hawaii case. Moreover, while Mr. Webb has stated for the first time in this motion that he has "lived in South Dakota since leaving Hawaii" in February 2006 (Dkt. No. 77 at 8), he cannot mean that he has lived there continuously since that time, since that statement would be contradicted by his own pleadings in this case.

to South Dakota then to P.O. Box 312, Clearfield, Utah, 84089 in May 2007." (Dkt. No. 83 at 6.) The clear implication from this passage is that Mr. Webb gave up his residence in South Dakota sometime between October 2006 and May 2007. Further, Mr. Webb contends in his complaint that he was injured on the job in Utah in April 2007, suggesting that he was living in Utah by that date at the latest. Moreover, Mr. Webb is currently using a Utah address in this action, and has been doing so since its inception.

Accordingly, it seems unlikely that Mr. Webb could prove that he was present in or a resident of South Dakota when he filed his complaint or amended complaint. Even if he had shown presence or residence there, Mr. Webb himself has undermined the proposition that he intends to stay in South Dakota indefinitely. That is, he quotes himself as stating in his Hawaii case that he plans to move to "either Arizona/California/Florida/South Dakota upon gainful professional employment when my elderly parent either recovers from her medical illness and/or passes away." (*Id.*)

All that said, the court agrees with Mr. Webb that it is not appropriate to find that he is not a citizen of South Dakota at this time, since there has been no hearing. But Mr. Webb's dim chances of proving South Dakota residency would have given him a good reason to assert Hawaiian citizenship to preserve diversity jurisdiction in this case, given that he had a valid Hawaii driver's license at that time.

Given all of these circumstances, the court continues to believe that Mr. Webb made a knowingly false statement to the court. Further, the court is still convinced that the R & R's application of the *Ehrenhaus* factors to this case was correct, and believes that only one of the factors needs further explanation here. That is, Mr. Webb contends that he was not given sufficient notice that his misrepresentation would be cause for dismissal. In light of the entire

record, the court cannot agree. Initially, before Judge Warner issued his R & R, Mr. Webb could have filed a response to the supplemental memorandum contending that Mr. Webb had made contradictory assertions about his citizenship here and in the Hawaii case. He did not. Moreover, since the R & R was initially entered, Mr. Webb has submitted four substantive filings in which he had ample opportunity to address his various statements about state citizenship and clarify his position: his objection to the R & R, his supplemental objection to the R & R, his motion for reconsideration, and his reply to certain Defendants' opposition to his motion. In none of these four pleadings, however, did Mr. Webb squarely address his misrepresentation or give a convincing explanation of why the misrepresentation did not merit dismissal of the case.

For all these reasons, the court will not reconsider its conclusion that dismissal as a sanction for Mr. Webb's misrepresentation to the court was appropriate.

## CONCLUSION AND ORDER

For the reasons stated above, the court ORDERS as follows:

Mr. Webb's motion for reconsideration (Dkt. No. 77) is DENIED;

Defendant Performance Rehab Clinic's motion (Dkt. No. 87) is DENIED as moot;

Mr. Webb's motion for sanctions (Dkt. No. 88) is DENIED as moot.

SO ORDERED this 5th day of February, 2010.

BY THE COURT:

_____
Clark Waddoups
United States District Judge